CHIEF JUSTICE PETERS
delivered the opinion oe the court.
In this action brought by appellants against appellee it is substantially alleged that the appellee having determined to have a bridge constructed over main Licking River at Clays-ville, in Harrison County, levied a tax of 15 cents on each $100 worth of taxable property for the year 1872 for the purpose of paying the cost of said bridge, and appointed H. C. Ogle, John B. Hamilton, and L. Lobus commissioners to attend to the erection of the bridge, and ordered the sheriff to pay the funds to them when collected, they being authorized to contract for the erection of said bridge; that on the 16th of September, 1872, they contracted with appellant, B. F. Remington, to build the bridge according to the plan and specifications adopted by said commissioners, for which they, acting for the county, agreed- and promised to pay said Remington the sum of $14,480, to be paid as the work progressed on monthly estimates, the whole to be completed by the 1st of September, 1873.
That an additional tax of 15 cents on the $100 worth of taxable property was levied and collected in 1873 for the purpose of raising a sufficient sum to pay the entire cost of erecting said bridge; and it is alleged that said Remington *150 commenced the work in fulfillment of his contract, and on the day of September, 1874, completed the bridge, having furnished a large amount of timber, iron, and stone-work for extra work on said bridge authorized and directed by said commissioners acting for said county court, and thereupon demanded from them the amount due and unpaid on his contract, and also the amount due him for materials furnished and extra work done under their orders in the completion of said bridge. That they declined to pay him on the alleged grounds that the bridge had not been erected according to the contract, and that the work was defective in several important particulars and was not worth the sum already paid. This disagreement prevented a settlement of the matters between the parties, and at the October term, 1874, of the county court of said county, the county judge and a majority of all the justices of said county being present, agreed to arbitrate the matters of difference between them; and thereupon the agreement entered into by the parties was placed on the records of said court, to the effect, after reciting the matters of difference between them, that in order to settle the same they had agreed to refer the matters of difference to two arbitrators, one to be selected by each party, and an umpire to be selected by the arbitrators; that the county court selected G. W. McNess, and Remington selected Frank M. Curl.
That the arbitrators should have power to compeí the attendance of witnesses and swear them; should hear the evidence offered by the parties, whether orally or in the form of depositions; fix the time and place of their sittings, and give reasonable notice thereof to the parties; and make out their award in triplicate as soon as convenient after the parties shall have closed their evidence, one copy of their award to be returned to the Harrison County Court, one to be delivered to B. F. Remington, and one to be retained by themselves; and they mutually bound themselves to abide by and perform *151 the award. And it is further stipulated by the county court that its commissioners should pay to Remington any balance that the arbitrators should award to him, each party to pay their own costs.
It is further alleged that the arbitrators met by agreement of parties, and according to notice, at the law office of C. W. West, in the city of Cynthiana, on the day named, and, after having been sworn according to law, selected as umpire John W. Peck, who was thereupon sworn as required by law; and the board as thus constituted, having heard all the evidence adduced by the parties and the arguments of counsel, awarded and adjudged—
1. That the Harrison County Court should accept the bridge built across Licking River at Claysville by B. F. Remington.
2. That said court was indebted to said Remington for extra iron, stone and wood-work in the sum of $2,010.58.
3. That on said sum the court should be credited by the sum of $285.
4. That the county court should pay J. B. Hamilton for his services as superintendent, and that Remington is not responsible therefor.
5. That the county should pay no interest on the sum found due to Remington to the date of the award; and
6. That on the whole contract and for extra materials and work there was owing and due to Remington by the county court the sum of $3,715.58, which it should pay.
The award was signed by the arbitrators and umpire, made out in triplicate, and a copy delivered to each party, as provided for in the articles of submission.
Anri finally it is alleged that, in a reasonable time after said award was made and copies thereof delivered as aforesaid, a demand for the payment of the sum of money adjudged and awarded to appellants was made of said commissioners of said *152 court, and of Lobus, their treasurer, and payment was refused; and then payment was demanded of said county court, composed of the county judge and a majority of all the justices of said county, and payment was refused by said court, and to pay the same they still neglect and refuse; and judgment is therefore asked against the county for said sum of $3,715.58, with interest, and for all proper relief.
To that petition a demurrer was sustained, and plaintiffs below having declined to amend, the same was dismissed, and they have appealed.
The facts set forth in the petition are certainly, as between two natural persons, sufficient to constitute a cause of action. By the terms of the agreement the submission was to two arbitrators (to be selected one by each party, and, their umpire to be selected by the arbitrators), so that the umpire constituted one of the court, and was to act with the arbitrators, and not to act separately in case of their disagreement. We do not therefore perceive any reason for sustaining the demurrer, unless it be that, the county court being a party, it had no power to submit the controversy to arbitrators.
Our statute provides “that all controversies which might be the subject of a suit or an action may be submitted to the decision of ohe or more arbitrators or to two and, their umpire.” (General Statutes, chap. 3, sec. 1.)
The submission in this case conforms strictly with the statute. It is not denied that the controversy between these parties could not or might not be the subject of a suit or an action.
The county court had statutory authority to contract for the building of the bridge, and in that capacity acted ministerially and as a gwisi-corporation. It is directly alleged that the money sufficient to pay for the erection of the bridge had been levied and was in the hands of the agents and treasurer of the court. No proceeding therefore was necessary to compel the court to lay and levy a tax to pay the amount due.
*153 This court has repeatedly held that a county court as such may sue and be sued, and of consequence may be a party to a controversy -which might be the subject of a suit or action, and is therefore authorized to submit the matter to arbitration.
Wherefore the judgment sustaining the demurrer to the petition must be reversed and the cause remanded with directions to overrule the demurrer, and for further proceedings consistent herewith.