Kane vs. The City of Fond du Lac.

---

KANE vs. THE CITY OF FOND DU LAC.

ARBITRATION: CITIES: EVIDENCE. *(1) Power of city to submit claim to arbitration. (2-6) Various objections to arbitration proceedings. Waiver of objections. (7, 8) Action on award: Evidence as to original liability inadmissible.*

1. A city, unless restricted in that respect by its charter, may submit a disputed claim against it to arbitration; and the common council of the defendant city had the right, in such a case, to entrust the selection of the arbitrators to the city attorney.
2. The city attorney having appeared before the arbitrators, examined witnesses and argued and submitted the cause, the objection that he had not been served with *notice* of the time and place of meeting of the arbitrators, was *waived*.
3. In a *common-law* arbitration, it is not required that witnesses shall be *sworn*, where it is not so provided in the submission.
4. Where a claim against a city is submitted to arbitration, the award cannot be impeached on the ground that one of the arbitrators, being an alderman of the city, had been active in the council in endeavoring to procure payment or arbitration of the claim; there being nothing in such

conduct rendering him incompetent to be an arbitrator, and the city having *waived* any objection on that ground by accepting him as such.

5. There being no proof that the award as drawn does not contain just what the arbitrators agreed on, the fact that it was drawn by the claimant's attorney is no ground of objection.

6. Such an award cannot be impeached by the city on the ground that the arbitrators examined two witnesses in the absence of the city attorney, and away from the place of hearing, where it appears that the city attorney consented to such examination.

7. In an action on the award, evidence bearing merely on the liability of the city upon the original claim, is inadmissible.

8. Where, therefore, the claim against the city was for personal injuries alleged to have been received by plaintiff by reason of a certain alleged obstruction to a public street, to wit: a certain patent shutter which fell upon him in front of the store of one P., in said street, it was not error, in an action upon an award of damages to the claimant, by arbitrators, to reject evidence, (1) that the shutter was not in a public street, or (2) that plaintiff, in an action previously commenced against the city and P., had stipulated, for a consideration, to discontinue as to P.

APPEAL from the Circuit Court for *Fond du Lac* County.

The action is upon an award. The plaintiff brought an action against the defendant city and one Perkins, to recover damages for personal injuries alleged to have been received by him by reason of a certain obstruction to a public street in said city, to wit, a "Perkins Patent Shutter," which fell upon him in front of the store of the said Perkins. It seems that he claimed that both defendants in that action were liable for such injuries. Pending that action, the common council of the defendant city passed the following resolution: "Resolved that the city attorney be, and he hereby is, authorized to submit the claims and suit of *Patrick Kane* against the city to three arbitrators for hearing and decision." Pursuant to such resolution, the city attorney entered into a written submission, signed by himself officially and by the attorney of the plaintiff, reciting the controversy and submitting to three persons therein named, " the question whether any damages shall be awarded said *Kane* from said city for said in-

AUGUST TERM, 1876.                    497

Kane vs. The City of Fond du Lac.

juries; and if so, what amount of damages shall be so awarded and paid."

A hearing of the matter was had before the arbitrators, who awarded to the plaintiff $650, to be paid by the city. The proceedings under the submission, and the rulings of the court in this action (which is upon such award), are stated in the opinion so far as is necessary to an understanding of the points decided. No question is made on the pleadings. The defendant appeals from a judgment against it for the amount of the award.

*De W. C. Priest*, for appellant:

1. No municipal corporation exists by the common law in this country. Dillon on Mun. Corp., 317. 2. The legislature cannot grant to corporations an unlimited power to contract debts or raise money for extra-municipal affairs. Const. of Wis., art. VIII, sec. 9; id., art. X, sec. 3; *Foster v. Kenosha*, 12 Wis., 616. 3. The amount of the award must be raised by tax, if ever paid, and it could not be enforced by the defendant by legislative authority. Dillon on Mun. Corp., § 345; *Mayor of Baltimore v. Horn*, 26 Md., 194; *Mayor of Baltimore v. Porter*, 18 id., 284. And if the injury was caused by a defect not within the street, or by a cause beyond the power of the defendant, the defendant is not liable, and cannot create a liability. Dillon, 13, note 1, 55, note 1, 381, 713, 749, 758, 766–768; *Mayor of Albany v. Cunliff*, 2 Coms., 165; *Pekin v. Newell*, 26 Ill., 320; 21 id., 205; 12 Md., 165; 12 Mass., 272; 104 id., 75; 2 Denio, 110; 23 Pick., 71; 23 How. (U. S.), 435; 3 Wall., 32; 16 Cal., 282; 18 id., 643; 29 id., 180; 18 Ohio, 32; 5 Ind., 383; 7 id., 86; 8 Met., 388; 1 Allen, 30; 2 id., 552; 7 Gray, 100; 13 id., 59, 344, 510; 7 Cush., 498; 3 id., 117; 4 id., 275. 4. The corporation could not delegate its power to arbitrate. Dillon, 567, notes 1, 2; id., 60, notes 1, 2, 3. 5. Notice of the time and place of hearing by the arbitrators should have been served on the party. 6 Cow., 103; 4 Allen, 20; 4 Dallas, 232; 1 id.,

81; 8 East, 344; 3 Barb., 275; 29 id., 465; Morse on Arbitration, 118, 119, 125.  6. The smallest irregularity is enough to invalidate the award.  And the danger of such a mode of trial requires that the strict rule should be followed.  Morse, 126; 24 How. Pr., 148; 16 Wis., 644; 34 id., 541; 26 Wend., 534; 8 Bosw., 313; 28 Ga., 140.  The award may be impeached for mistake or fraud.  33 Ill., 375; 5 Wall., 419; 39 Ga., 7, 678; 7 Rob., 286.  It may be impeached for mistake of law.  31 Cal., 333; 5 Dutch., 160; 7 Wis., 516.  The evidence showed that the award was procured to be signed by plaintiff's attorney.  *Daniels v. Ripley*, 10 Mich., 237.  7. The court erred in excluding evidence offered.

For the respondent, the cause was submitted on the brief of *Charles E. Shepard*, who argued, 1. That municipal as well as other corporations may, by virtue of their general powers, submit controversies to arbitration.  1 Dill. Mun. Corp., § 398, and notes; *Brady v. Mayor of Brooklyn*, 1 Barb., 584; *Alexandria Canal Co. v. Swann*, 5 How. (U. S.), 83.  2. That the power to arbitrate was properly exercised, and the council had the power to authorize the city attorney to submit the matter and select the arbitrators.  *Gibbs v. Holcomb*, 1 Wis., 23.  1 Dill. Corp. (2d ed.), § 374 ; Morse on Arbitration, 5 ; 2 Parsons on Con., 688; *Buckland v. Conway*, 16 Mass., 396; *Brady v. Mayor of Brooklyn, supra*.  The submission was valid on behalf of both parties.  Bacon's Ab., "Arbitrament" (B); *New England Ins. Co. v. De Wolf*, 8 Pick:, 56; 1 Am. L. C. (3d ed.), 577, note, 579–89; *Combes' Case*, 9 Coke, 76 b.; Am. L. C., note, *supra; Church v. Milwaukee*, 31 Wis., 512, 518.  3. That this was a *common-law* arbitration, and no particular form of submission or proceedings was required.  All reasonable presumptions should be made in behalf of such arbitrations.  Bacon's Ab., "Arbitrament" (B), (E), (F); *Darling v. Darling*, 16 Wis., 644.  The irregularities, if any, were of form, and were waived by the defendant's attorney.  Morse on Arb., 112, 171–175, and cases cited; *Hill v.*

*Taylor, supra.* There was no necessity for administering oaths to the witnesses. *Winship v. Jewett*, 1 Barb. Ch., 173, 183; *Large v. Passmore*, 5 Serg. & R., 51; *Street v. Rigby*, 6 Vesey Jr., 815; Morse on Arb., 126, 131, 132; *Maynard v. Frederick*, 7 Cush., 247, 250; *Brown v. Bellows*, 4 Pick., 179, 189. 4. That none of the evidence offered tended to show fraud or partiality in any of the arbitrators, and moreover the defendant had prior notice of the facts relied on by them to show fraud or improper influence, and so waived the objection. *Fox v. Hazelton*, 10 Pick., 275, 277. No presumption of fraud is raised by the amount of the award, nor by the fact that it was drawn by the plaintiff's attorney. *Wood v. R. R Co.*, 4 Seld., 160, 168–9; *In re Underwood*, etc., 11 C. B., N. S., 442; *Fetherstone v. Cooper*, 9 Vesey Jr., 67; *Maynard v. Frederick, supra.* 5. That the discontinuance as to Perkins did not affect the cause of action against the defendant. This is not the ordinary case of two joint tort-feasors equally in the wrong. Moreover this question was settled by the award. 6. That common-law arbitrators, unless they are especially restricted, or make a special finding of fact or law, are general judges of law and fact; and their decision is final and conclusive, except on proof of fraud or irregularity, not waived. *Boston Water Power Co. v. Gray*, 6 Met., 131, 165–170; *Winship v. Jewett*, 1 Barb. Ch., 173, 184; 2 Parsons on Con., 701–706, and notes; Morse on Arb., 293–299; *Fudickar v. Ins. Co.*, 62 N. Y., 392, 399–405.

LYON, J. I. That a municipal corporation may, unless restricted by its charter, lawfully submit a disputed claim against it to arbitration, and that the common council of the defendant city had ample power to do so in the present case, we cannot doubt. These propositions are fully sustained by the authorities cited in behalf of the plaintiff, and by the charter of the city.

Neither do we doubt that it was competent for the common

council to entrust the city attorney with the selection of the arbitrators. That body had as full and complete control of the litigation as a natural person has of litigation to which he is a party; and no one doubts that a natural person will be bound by an award made pursuant to an authorized submission entered into by his attorney. Judge Dillon, in his treatise on municipal corporations, says: " The authorized body of a municipal corporation may bind it  *  *  by a *resolution*, or by a *vote* clothe its officers, agents or committees with power to act for it; and a contract made by persons thus appointed by the corporation, though by parol (unless it be one which the law requires to be in writing), will bind it." § 374. Moreover, the charter of the city of Fond du Lac expressly charges the city attorney with the duty of conducting the law business of the city when so ordered by the common council, and gives the council full power to direct what duties he shall perform. P. & L. Laws of 1868, p. 90, sec. 6, and p. 97, sec. 20. If the council may impose a given duty upon him, he must necessarily be clothed with power to perform such duty.

II. It is claimed for the city that the award is void for the following alleged reasons: 1. No notice of the meeting of the arbitrators was given to the city attorney; 2. The witnesses were not sworn; 3. Two of the arbitrators had heard the statement of the plaintiff, and one of them had acted in his behalf in urging payment of his claim; 4. The award was drawn by plaintiff's attorney without being directed by the arbitrators to do so; and, 5. The arbitrators examined two witnesses in the absence of the city attorney.

These reasons will be briefly considered in their order. 1. The city attorney appeared for the city, and, on the hearing before the arbitrators, examined witnesses, or one witness, and argued and submitted the case of the city to the arbitrators. This dispensed with the necessity of notice of the time and place of hearing. 2. This is not a submission under ch. 131,

AUGUST TERM, 1876.    501

Kane vs. The City of Fond du Lac.

R. S., but under the common law. It is not provided in the submission that the witnesses be sworn, and we are aware of no law which requires it. 3. The testimony fails to show any improper communication by the plaintiff to either of the arbitrators, either before or after the submission. The court rejected testimony offered for the purpose of showing that one of the arbitrators, who was an alderman of the city, had been active in the council in endeavoring to procure payment of plaintiff's claim, or its submission to arbitration. We think the testimony was properly rejected. There was nothing in such conduct which interfered with the competency of such alderman to act as an arbitrator. Besides, the city is chargeable with notice of his action in the council, and, by accepting him as an arbitrator, waived any right to object to him for that reason. 4. There is no proof in the case tending to show that the award as drawn does not contain just what the arbitrators agreed upon; and, that being the case, it is of but little importance who drew it. After the award was agreed upon, we think there was no impropriety in employing the attorney of the prevailing party to draw it up. This is analogous to an every-day practice in the courts; the court announces its judgment, and directs the attorney of the prevailing party to reduce it to writing for entry of record. It does not appear how Mr. Shepard, the attorney of the plaintiff, came to draw the award, neither is it material, nothing having been shown to raise the slightest doubt or suspicion that he did not draw it strictly as the arbitrators had decided. 5. It is true that the arbitrators examined two witnesses in the absence of the city attorney, and away from the place of hearing. But the testimony is uncontradicted, that the city attorney consented thereto. The court submitted to the jury the question whether such consent was given as to one of these witnesses, but that was unnecessary.

III. On the trial, testimony was offered in behalf of the defendant to show that the shutter, by the falling of which the

Kane vs. The City of Fond du Lac.

plaintiff was injured, was not in a public street, and hence that the city was not liable for such injury. The testimony was rejected, and properly, for the reason that the question of the liability of the city was submitted to the arbitrators, and their decision of it is final. This rule is elementary.

2. It seems that after the action against Perkins and the city was commenced, and before the submission was made, the plaintiff stipulated in that action as follows: "For and in consideration of $50 worth of accounts belonging to defendant Perkins, which I have selected from a batch of accounts in the hands of Knowles & Babcock, I have this day settled and discontinued the said action against the said E. Perkins by and with the consent of my attorney, C. E. Shepard, and direct that this settlement and discontinuance be entered accordingly. Each party to pay his own costs. This is not to affect the action against the city."

The stipulation was offered in evidence in this action, on behalf of the city, to show that the plaintiff had received satisfaction of Perkins for his damages, and hence had no claim against the city therefor; but the same was rejected by the court. If the plaintiff's claim against the city could be affected in any event by the stipulation (a point not here decided), it was a matter for the consideration of the arbitrators, and the city should have made that defense before them. It not appearing that there was any fraudulent concealment of the stipulation, the effort to make the defense on the trial of this action came too late.

The foregoing observations, it is believed, dispose of all the material questions presented by the assignment of errors. Failing to find any material error disclosed in the record, we must affirm the judgment of the circuit court.

*By the Court.*—Judgment affirmed.