Follett, J.
An action was pending in the court of common pleas, and the parties sought to submit the matters in dispute to arbitration under the statute. The parties appeared before the arbitrators and presented their respective claims. The arbitrators, chosen by the parties, met and heard the evidence, and, after deliberation, they made their award, which was given to the parties, and filed in the office of the clerk of the court. The court, having heard the parties and having overruled the city’s exceptions to the award, entered judgment on the award.
The city of Springfield, plaintiff in error, has had her choice in having a trial by arbitrators rather than by a jury or by the court; and now she seeks to avoid the award and judgment thereon, and claims, “ that a municipal corporation in Ohio has no legal right to enter into or participate in an arbitration.” Arbitration is favored; and the purpose of an arbitration is, to avoid needless and expensive litigation. By the 9 and 10 Will. III. c. 15, powers are given enabling per-, sons to agree that their submissions to arbitration and the award should be made a rule of any court of record; and the Common Law Procedure Act, 1854,” provides what may be done in case of arbitration. Statutes have been enacted providing that the award of the arbitrators may be accepted as the judgment of the court. This case is one of submission to arbitration under Eevised Statutes, § 5601 to § 5613; and this case must be governed by the statute.
A corporation maybe a party to a submission to abitration. Morse Arb. 5; Russ. Arb. 21; 6 Wait Act. and Def. 511; Brady v. Mayor of Brooklyn, 1 Barb. 584. Tuskaloosa Bridge Co. v. Jenison, 33 Ala. 476; Alex. Canal Co. v. Swann, 5 How. (U. S.) 83.
“ As a general proposition, municipal corporations have the same powers to liquidate claims and indebtedness that natural persons have, and from that source proceeds power to adjust all disputed claims, and when the amount is ascertained, to pay *547 the same as other indebtedness. It would seem to follow, therefore, that municipal corporations, unless disabled hy positive law, could submit to arbitration all unsettled claims with the same liability to perform the award as would rest upon a natural person, provided, of course, such power be exercised by ordinance or resolution of the corporate authorities.” Dill. Mun. Cor. § 478; City of Shawneetown v. Baker, 85 Ill. 563; Kane v. City of Fond du Lac, 40 Wis. 495; Remington v. Harrison County Court, 12 Bush (Ky.) 148. In this case the power was exercised by a resolution of the city council.
Revised Statutes, § 5601, provides: “ All persons who have any controversy, except when the possession or title of real estate may come in question, may submit such controversy to the arbitrament or unpirage of any person or persons, to be mutually agreed upon by the parties, and they may make such submission a rule of any court of record in the state.”
It. is claimed that while the word “ person ” may include public corporations, yet the “persons ” who may have the benefits of an arbitration, are limited by section 4947 to private corporation, and that a municipal corporation is excluded by the use of the word “ persons” and the interpretation given to that word by section 4947, which provides, “ In the interpretation of part three of this revision, unless the context shows that another sense was intended, the word ‘ person ’ includes a private corporation ;” etc: and thus by implication the word “ person ” excludes all public corporations. But see § 4948 : “ The provisions of this part, and all proceedings under it, shall be liberally construed, in order to promote its object, and assist thqparties in obtaining justice; and the rule of the common ■ law, that statutes in derogation thereof must be strictly construed, has no application to this part,” etc.
The arbitration statutes, are enabling statutes, and were made to “ assist the parties in obtaining justice,” and should “ be liberally construed.” And the words, “all persons,” used in section 5601, must include the individual persons who have a controversy with the municipal corporation; and such individual persons are given the benefits of an arbitration, in such controversies. Thus as each party has the same rights, the *548 ‘‘ context shows ” that in section 5601, the word “ persons ” includes not only private corporations bat also municipal corporations, as well as the persons with whom they have controversies.
' There is no claim that there is any positive law that disables a municipal corporation from submitting to arbitration an unsettled cause of action, or that provides “ that a municipal corporation in Ohio has no legal right to enter into or participate in an arbitration.”
In this regard there was no error in the court below.
There is no provision made for excepting, before the board of arbitration.
“ Arbitrators are constituted, by the parties, chancellors, judges and'jurors, and have jurisdiction of the law and the facts.” Ormsley v. Bakewell, 7 Ohio, 99.
But the award may be attacked,
1. When it appears on its face to be erroneous: and
2. When it was obtained by fraud.
Section 5611 provides, “ If legal defects appear in the award or other proceedings, or if it be made to appear, on oath, at the term of the court at which the award and arbitration bond are filed, that the award was obtained by fraud, corruption, or other undue means, or that the arbitrators or umpire misbehaved, the court may set aside the award, and the matter submitted shall be retained by the court for trial as upon appealetc.
The award is not objected to on either of such grounds.
And when the award is not thus attacked judgment should be entered on the award.

Moüon overruled.