# CASES DETERMINED

AT THE

# January Term, 1908.

---

DONALDSON and others, Respondents, vs. BUHLMAN, Appellant.

*October 16, 1907—January 8, 1908.*

*Arbitration and award: Setting aside award: Grounds: Bad faith: Severance of award.*

1. A common-law award of arbitrators is not to be set aside for mere errors of judgment upon questions of fact or law submitted.
2. A common-law award of arbitrators is subject to impeachment for fraud or misconduct amounting to fraud, or upon clear evidence of mistake when such mistake is not simply a wrong conclusion upon the facts or law submitted, but an unconscious failure to know or apprehend some material fact or right in the light of which their judgment should be exercised.
3. Defendant was to receive title to an island, the plaintiffs retaining the right to cut and take off the saw logs standing thereon. Controversy having arisen as to the rights of the parties, they, by written agreement of arbitration, authorized chosen arbitrators, among other matters submitted, to set a time when all saw logs must be removed from the island by the plaintiffs and their rights cease. The submission was made on February 12th, and the arbitrators at a meeting ten days later made an award that "all rights of plaintiffs to cut any logs from the island" should expire the succeeding day. *Held*, that the agreement of arbitration clearly indicated that both parties understood that plaintiffs were still entitled to some reasonable time within which to exercise their right of removal of saw logs, and, even acquitting the arbitrators of

intentional fraud or bad faith, their award was a total mis-
conception of the matter submitted and constituted such mis-
take as called for annulment of their award.

4. In such case findings of the trial court that the award showed
great prejudice, unfairness, and bad faith are affirmed.

5. Where a number of questions, severable in their nature, are
submitted to arbitration, the fact that the award upon one
question is bad will not necessarily result in the setting aside
of the award upon the other questions unless the same vice
affects them all, or unless the void part is the consideration
for the other parts, or so affects the other parts that it appears ·
that they are naturally dependent upon each other.

APPEAL from a judgment of the circuit court for Grant
county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

This is an action in equity to set aside an award of arbi-
trators rendered upon a common-law agreement of arbitra-
tion.    The evidence showed that the plaintiffs and defend-
ants, being partners in the electric light and lumber business
at McGregor and Guttenberg, Iowa, under the name of the
McGregor Light & Lumber Company, on July 6, 1905, made
a written agreement by which the defendant *Buhlman* with-
drew from the firm and the assets and liabilities were appor-
tioned, the defendant receiving the Guttenberg plant and
a certain island known as Crawford Island in the Mississippi
river, the agreement providing, however, that "the saw logs
standing on said land shall be cut and taken off by the Mc-
Gregor Light & Lumber Company;" that said island is about
130 acres in area and contained about 200,000 feet of saw
logs; that the plaintiffs began cutting timber on the island in
the fall of 1905, but that a controversy soon arose between
the parties as to what constituted saw logs, the defendant
claiming that the plaintiffs were cutting timber of smaller
size; that after some correspondence and consultation a
written agreement of arbitration was entered into February
12, 1906, by which three arbitrators were chosen (1) to de-
cide what size of a log constituted a saw log, (2) to set a
time when all saw logs must be removed from the island by

the plaintiffs and their rights cease, (3) to determine whether plaintiffs had taken any wood not saw logs from the island, and if so to assess the defendant's damages thereby, and (4) to settle certain minor questions not material to the present controversy; that the arbitrators met February 22, 1906, at McGregor, Iowa, and after hearing the statements of the parties made an award on the same day to the effect (1) that plaintiffs had violated the contract by wrongfully taking wood from the island, for which defendant's damages were assessed at $75, (2) that all the rights of the plaintiffs to cut any logs from the island should expire February 23, 1906, and (3) that a saw log must be a piece of wood at least eight feet long and eight inches at the small end; that the arbitrators did not view the island nor take testimony as to the amount of saw logs thereon at the time of the award; and that it was impracticable to remove the same in the winter, as the removal must be made by boat, and the reasonable value of the wood actually cut by the plaintiff which was of smaller size than saw logs was $5. Upon these facts the court held that the award showed great prejudice and unfairness and an utter lack of appreciation of their duties on the part of the arbitrators, and entered judgment setting the same aside, from which the defendant appeals.

For the appellant there was a brief by *Bushnell, Watkins & Moses,* and oral argument by *A. R. Bushnell.*

For the respondents the cause was submitted on the brief of *Brown & Brennan* and *Geo. B. Clementson.*

The following opinion was filed November 5, 1907:

WINSLOW, J. The judgment entered is manifestly right. A common-law award of arbitrators is not to be set aside for mere errors of judgment upon questions of fact or law submitted, but it is subject to impeachment for fraud or misconduct amounting to fraud, or upon clear evidence of mistake when such mistake is not simply a wrong conclusion

upon the facts or law submitted, but an unconscious failure to know or apprehend some material fact or right in the light of which their judgment should be exercised. *Consolidated W. P. Co. v. Nash,* 109 Wis. 490, 85 N. W. 485, and cases cited. Passing all questions of fraud or misconduct, it is unquestionable that the arbitrators committed such a mistake here. The question whether the plaintiffs' rights to cut saw logs on the island had terminated or should be terminated at once was not submitted to them. The agreement of arbitration very clearly indicates that both parties understood that the plaintiffs were still entitled to some reasonable time within which to exercise their right of removal of saw logs and that they simply desired the arbitrators to set the limits of such time. The arbitrators entirely mistook their duty. They conceived that they had power to cut off entirely the plaintiffs' rights to cut timber and proceeded to do so. Acquitting them of all intentional fraud or bad faith, this was a total misconception of the question submitted to them, and hence a mistake within the definition above given, which calls for annulment of their award.

*By the Court.*—Judgment affirmed.

The following opinion was filed January 8, 1908:

WINSLOW, C. J. The appellant moves for a rehearing in this case on the ground that four independent questions were submitted to arbitration, and that a mere failure of the arbitrators to properly understand their duties as to one question should not invalidate their awards as to the other questions. It is fair to say that the contention that the award was severable was not made in the original brief, and the question as to the length of time to be allowed to the respondents to remove saw logs was naturally regarded as the most important question in the case; and hence the question whether the award on minor subjects might or should be

allowed to stand was not considered nor did it suggest itself to our minds.

It is undoubtedly true that, where a number of questions severable in their nature are submitted to arbitration, the fact that the award upon one question is bad will not necessarily result in the setting aside of the award upon the other questions unless the same vice affects them all, or unless the void part is a consideration for the other parts, or so affects the other parts that it appears that they are naturally dependent upon each other.   Russell, Arb. & Award (8th ed.) 201; 2 Am. & Eng. Ency. of Law (2d ed.) 741 *et seq.;* *Darling v. Darling,* 16 Wis. 644.

In the present case, however, the court below found that both the action of the arbitrators in practically cutting off the appellant's right to remove any timber and their action in allowing $75 damages were grossly unfair and unjust, and showed great prejudice and an utter lack of appreciation of their duties, and, further, that the entire award was made in bad faith.   We are unable to say that these conclusions were not justified by the evidence, and hence the same vice affects the award on all the questions submitted.   As we viewed the case upon the first hearing, we did not deem it necessary to consider the question of bad faith, inasmuch as it seemed that the failure of the arbitrators to know and comprehend their duty as to the main question was sufficient to affirm the entire judgment, and so the case was decided on the assumption that there might have been no bad faith, but it was not intended to decide that question.   Now that it seems necessary to decide it, we have no hesitation in saying that the findings of the trial court cannot be set aside.

*By the Court.*—Motion overruled, without costs.