DECKER, Respondent, vs. LADISH-STOPPENBACK COMPANY, Appellant.

*December 9, 1930—January 13, 1931.*

286

The cause was submitted for the appellant on the briefs of *George A. Affeldt* of Milwaukee, and for the respondent on that of *Alexander, Burke & Clark* of Milwaukee.

NELSON, J. Defendant contends that the court erred in refusing to sustain the defense set up by the defendant, in finding that the proceedings before the arbitration board and board of appeals did not constitute an arbitration, and in awarding judgment in plaintiff's favor.

As we view this action the important question requiring consideration is, Did the parties to this action, during the pendency thereof, voluntarily submit all matters of dispute between them to the board of arbitration of the Milwaukee chamber of commerce, and later on to the board of appeals of said chamber, for arbitration and decision? This question is one of fact and the findings of the trial court should be sustained unless they are against the great weight and clear preponderance of the evidence. *Timme v. Squires,* 199 Wis. 178, 225 N. W. 825. The facts bearing upon the question as to whether the parties voluntarily submitted all matters of dispute between them for arbitration and de-

cision to the board of arbitration of the Milwaukee chamber of commerce and later on to the board of appeals are substantially undisputed. Prior to the commencement of this action plaintiff's attorneys wrote to the secretary of the chamber of commerce of the city of Milwaukee, under date of September 26, 1928, regarding plaintiff's claim for damages, among other things, as follows:

"We have endeavored to persuade the officers of the Ladish Milling Company to submit the matter to arbitration. . . .

"It is our desire to compel the Ladish Milling Company to arbitrate this matter before the board of arbitration if it is possible for us to do so. The board of arbitration is composed of men who will understand this transaction. Our client is willing to abide by the ruling of the board.

"Will you advise us whether or not there is any way of compelling the Ladish Milling Company to submit this matter to the board of arbitration, and if there is, will you kindly forward us the form of petition now in use by the chamber of commerce so that we can have it executed by our client and filed with you."

Under date of September 27, 1928, the secretary of the chamber of commerce wrote the defendant requesting defendant to advise whether it would be willing to submit the matter to the board of arbitration of the chamber of commerce. Under date of September 26, 1928, plaintiff's attorneys wrote the defendant, inclosing a copy of the letter written to the Milwaukee chamber of commerce, and, among other things, stated: "If there is any way of compelling you to submit this matter to the board of arbitration, we intend to pursue it." On September 29th the secretary of the chamber of commerce replied to the plaintiff's attorneys stating that, under the rules of the chamber of commerce, a member thereof cannot be compelled to submit a matter of difference with a non-member to arbitration; that between members of the chamber arbitration is compulsory;

that the rules provide for the suspension or expulsion of a member who refuses to submit to arbitration with another member, but that no provision is made for disciplining a member who refuses to arbitrate with a non-member. After this correspondence was had this action was commenced. On March 1, 1929, plaintiff's attorneys, apparently by telephone, requested the secretary of the chamber of commerce to forward to them a blank form of complaint for the submission of the controversy between plaintiff and defendant to the board of arbitration of the chamber of commerce. On March 1, 1929, the secretary of the chamber of commerce forwarded to plaintiff's attorney a blank form of complaint to the board of arbitration of the chamber of commerce, inclosing the same in a letter of that date in which it was stated:

"This complaint, when properly signed, and answer signed by the respondent, are in effect a stipulation for the arbitration of the matter submitted by the complainant.

"Our rules require that the complainant deposit the amount of the arbitration fees in advance."

The blank forwarded was completed by inserting therein plaintiff's complaint or grievance, which complaint was verified by the plaintiff on the 14th day of March, 1929. This complaint was directed "To the Board of Arbitration of the Chamber of Commerce of the City of Milwaukee," and the following recitation is contained therein:

"Clarence W. Decker . . . makes and files with the secretary this complaint against Ladish Milling Company of Milwaukee, Wisconsin, in accordance with the charter and rules of said chamber, and with a view to an arbitration thereunder."

This complaint was filed with the chamber of commerce and the defendant thereafter filed its answer to said complaint, which answer is also directed "To the Board of

Arbitration of the Chamber of Commerce of the City of Milwaukee" and which answer contained the following recitation: "The above named respondent hereby submitting to the jurisdiction of said board and hereby voluntarily submitting said matter of difference to the arbitrament of said board, for answer to the complaint," etc. The defendant's answer set up the two following defenses: 1. That plaintiff had violated a universal custom in the feed business by which he was prohibited from reselling feeds having proprietary or trade names to other dealers in other localities. 2. That the plaintiff had breached the contract by failing to make payment for feed upon the arrival of the cars at destination, as a result of which breaches defendant was justified in refusing to make shipment of the balance of the feed.

Both plaintiff and defendant appeared before the board of arbitration of the chamber of commerce and submitted their proofs and testimony. The board of arbitration thereafter found in favor of the defendant, basing its decision upon the failure of the plaintiff to give notice of his intention to claim damages for the breach of the contract by defendant as required by certain rules of the chamber of commerce. The plaintiff feeling himself aggrieved thereafter appealed from the decision of the board of arbitration to the board of appeals, which said latter board reviewed the record of the trial and hearing before the board of arbitration. The board of appeals decided that the rules of the chamber of commerce relating to the giving of notice of intention to claim damages had no application, but found and held that the plaintiff had failed to make payments as required by the contract, by reason whereof defendant was justified in refusing to deliver the balance of the feed and dismissed the plaintiff's complaint.

The chamber of commerce was authorized to establish a board of arbitration and a board of appeals.

Upon the trial of this action the complete records of the proceedings before the board of arbitration and the board of appeals, including a transcript of the testimony,. were introduced and received in evidence. No other testimony relating to the proceedings had before said boards was offered by either party.

That the record shows an arbitration between the parties before the board of arbitration and the board of appeals of the Milwaukee chamber of commerce is so clear as to admit of no question or doubt, and we must consequently hold that the finding of the trial court to the effect that the proceedings before the arbitration board and the board of appeals of the Milwaukee chamber of commerce did not constitute and were not intended as an application for an arbitration, is not supported by the evidence.

Since common-law arbitrations and awards are recognized and upheld in this state (*Pierce v. Kirby*, 21 Wis. 125; *Kane v. Fond du Lac*, 40 Wis. 495; *Montgomery v. American Central Ins. Co.* 108 Wis. 146, 84 N. W. 175; *Knickerbocker v. Beaudette Garage Co.* 190 Wis. 474, 209 N. W. 763; *In re Lower Baraboo D. Dist.* 199 Wis. 230, 225 N. W. 331), we hold that the decisions of the board of arbitration and the board of appeals are binding on the parties in the absence of fraud, misconduct, or mistake. As was said in *McCord v. Flynn*, 111 Wis. 78, 88, 86 N. W. 668:

"Where the arbitrators have exercised, or attempted to exercise, their judgment upon the questions submitted to them, their award must, in the absence of fraud, misconduct, or mistake, stand as fixing the rights of the parties just as fully and finally as if the amounts fixed by them had originally been agreed upon by the parties and written into the contract; and that the award is none the less binding because the arbitrators have erred in judgment upon any question of fact or law submitted to them for judgment, such errors being among the contingencies which parties assume when they select such tribunals. *Consolidated Water Power Co.*

*v. Nash,* 109 Wis. 490, 503, 85 N. W. 485, and cases there cited. When questions of law and fact involved in a controversy are submitted to arbitrators by the parties, their award cannot be assailed on the ground of errors honestly committed by them, whether of law or fact, except in the cases prescribed by statute."

In *Donaldson v. Buhlman,* 134 Wis. 117, 119, 113 N. W. 638, 114 N. W. 431, the court said:

"A common-law award of arbitrators is not to be set aside for mere errors of judgment upon questions of fact or law submitted, but it is subject to impeachment for fraud or misconduct amounting to fraud, or upon clear evidence of mistake when such mistake is not simply a wrong conclusion upon the facts or law submitted, but an unconscious failure to know or apprehend some material fact or right in the light of which their judgment should be exercised." See, also, 5 Corp. Jur. p. 179, §462.

No attempt was made by plaintiff in this action to impeach the decision of the board of appeals, which held substantially that the refusal of the respondent (defendant herein) to make shipment was justified because of the delay of the complainant (plaintiff herein) in honoring defendant's drafts according to the "terms" of the contract which were as follows: "Terms Arrival Draft." Under the well established law we are not concerned with the question whether the board erred in its judgment upon the facts or law submitted to it for judgment, or whether a court and jury might have come to another and different conclusion. Such errors are among the contingencies which parties assume when they select such tribunals, and decisions of arbitrators cannot be interfered with for mere errors of judgment as to the law or facts submitted to them. *McCord v. Flynn, supra; Consolidated Water Power Co. v. Nash, supra; Donaldson v. Buhlman, supra.*

A question naturally arises as to what effect the submission of the dispute to arbitrators by the parties had upon

this action then pending. It is stated in 5 Corp. Jur. p. 48, § 76, that "the weight of authority in the United States is to the effect that the submission of a cause of action to arbitration pending a suit thereon *ipso facto* works a discontinuance of the suit. The ground upon which the doctrine rests is that the parties have selected another tribunal, one of their own creation, to settle the controversy, and that they thereby agree to and do withdraw the cause from the court." The decisions of this court seem clearly to support the general rule as stated. In *Sohns v. Sloteman,* 85 Wis. 113, 116, 55 N. W. 158, it is said:

"It is well settled in this state that a mere submission of a controversy to arbitration operates *ipso facto* as a discontinuance of a pending action thereon, because the parties have chosen another forum for the determination of their controversies."

Again in *Jones v. Thomas,* 120 Wis. 274, 277, 97 N. W. 950, it is said:

"That the submission of the subject matter of a pending suit, or one that has ripened into a judgment which is still the subject of contest upon appeal or otherwise, to arbitrators to determine what should justly be rendered to the judgment creditor on account thereof, nothing appearing in the submission to the contrary, *ipso facto* displaces such pending litigation or judgment, is elementary."

Upon the undisputed proof in this action showing that an arbitration had been had, the complaint of the plaintiff should have been dismissed.

Plaintiff contends that the discontinuance of the action was waived because the defendant answered and went to trial on the merits. We do not consider this contention sound in view of the facts that the answer pleaded the arbitration as a bar to the action, and that a stipulation was entered into at the trial to the effect that testimony might be offered by both the plaintiff and defendant "without prej-

udice to the plea that the defendant has interposed that this matter has been adjudicated upon by the board of arbitration and board of appeals and that this is final and conclusive upon the parties."

For the reasons stated the judgment of the circuit court must be reversed.

*By the Court.*—The judgment of the circuit court for Milwaukee county is reversed, with directions to dismiss the complaint.

FAIRCHILD, J., took no part.