Reith and wife, Respondents, v. Wynhoff, Appellant.

*September 9—October 5, 1965.*

338

For the appellant there was a brief and oral argument by *Clinton J. Finnegan* of Milwaukee.

For the respondents there was a brief by *Lester J. Dencker,* attorney, and *John B. Werra* of counsel, both of Milwaukee, and oral argument by *Mr. Dencker.*

HALLOWS, J. There is some confusion in the record whether the stipulation entered into by the parties constituted a reference, a common-law or statutory arbitration, or some other arrangement. The court in its order and in its findings, no doubt prepared by counsel, refers to referees; however, we do not consider this stipulation as calling forth and being governed by a statutory reference under sec. 270.34, Stats. That section provides for a trial by a referee upon the written consent of the parties. Such trials are conducted in the same manner as a trial by the court. Sec. 270.35. No such trial was contemplated or held pursuant to the stipulation.

Nor can the stipulation be treated as a common-law arbitration since at common law the entire proceeding of arbitration and award merely constituted a contract between the parties and the successful party could only enforce the award as he could an ordinary contract. Such an arbitration made during a lawsuit ousted the court of jurisdiction and operated *ipso facto* as a discontinuance of the pending action. *Pick Industries, Inc., v. Gebhard-Berghammer, Inc.* (1952), 262 Wis. 498, 56 N. W. (2d) 97, 57 N. W. (2d) 519; *Decker v. Ladish-Stoppenback Co.* (1931), 203 Wis. 285, 234 N. W. 355. Here, the parties contemplated the award would be returned to the court in the form of a report. The stipulation provided the court would settle certain matters of difference between the two experts. The stipulation required a judgment to be entered upon the award and the jurisdiction of the court was expressly retained.

We consider the stipulation should be treated as a statutory arbitration under ch. 298, Stats., and that chapter

should apply where not inconsistent with the agreement. The stipulation is silent as to its nature and since the statutory-arbitration provisions are not negated and the parties have acted thereunder not inconsistently with the statutory-arbitration procedure, the arbitration ch. 298 applies. *Madison v. Frank Lloyd Wright Foundation* (1963), 20 Wis. (2d) 361, 122 N. W. (2d) 409.

The defendant contends it makes no difference whether the stipulation is treated as a statutory arbitration or just as a contract because in either event the court had power and erred in not setting aside the report or award. Under sec. 298.10 (1) (d), Stats., a court may vacate an award "Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." The court under a statutory arbitration may also modify or correct an award in the three situations set forth in sec. 298.11 (1). One of the grounds for correcting an award is "Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted." Sec. 298.11 (1) (b).

The main thrust of the appellant's argument is the court-appointed experts failed to understand the instructions, to follow them and to use the correct measure of damages. The stipulation entered into required the court-appointed appraiser to have, with other qualifications, at least fifteen-years' experience in the appraisal of residential property in the Wauwatosa area and the building contractor to have, with other qualifications, at least fifteen-years' experience in general construction with emphasis on residential construction, particularly multifamily units. Such men were appointed by the court and were to determine the extent of the plaintiffs' damages, if any, caused by the defendant. The

stipulation was somewhat unusual for an arbitration contract. It required the real-estate appraiser to examine the building and to determine whether, because of any failure on the part of the defendant to perform the contract, the plaintiffs received a building of diminished value. In determining the diminished value he was to use the standard of "the difference between the value of the building as it now stands with faulty and incomplete construction and the value of the building as it would stand if it had been constructed in strict compliance with the contract." But, in making this determination the real-estate appraiser was not to include any defects which could be "remedied by reasonable expense without great sacrifice of work or material already wrought into the building and which could be effected without tearing down or destroying a great deal of work or creating substantial destruction and economic waste." The defects which could be so repaired were to be compensated for by the contractor's determining a reasonable sum for the cost of repair. This standard of diminished value and cost of repair is taken almost verbatim from *Plante v. Jacobs* (1960), 10 Wis. (2d) 567, 103 N. W. (2d) 296.

The contractor was required to examine the building to determine whether there were defects attributable to the defendant, which could be repaired at a reasonable expense and without economic waste, and the cost of repairing such defects. The contractor was to inform the appraiser of those defects which he believed would not be subject to the cost-of-repair rule and thus fall under the diminished-value rule. In the event a conflict arose as to whether an item was properly a cost-of-repair or a diminished-value item, the conflict was to be resolved by the court. In this respect the parties departed from *Plante v. Jacobs,* wherein it was pointed out the normal rule for damages due to faulty construction amounting to incomplete but substantial perform-

ance was the diminished-value rule and that the cost-of-repair applied to small items of defect or omission which could be remedied without the reconstruction of a substantial part of the building or a great sacrifice of work or material already wrought in the building. However, where the separation of defects would lead to confusion, the rule of diminished value would apply to all defects. No dispute arose between the two experts concerning which items came under the cost-of-repair rule and which under the diminished-value rule. Thus the report was not to be a joint award of two experts of the entire subject matter but rather a determination by each expert of a part thereof.

The report consisted of two parts, the part prepared by the building contractor which set forth the cost of repair of all the defects whether they were economically feasible to repair or not. The real-estate appraiser then took this report and classified certain defects as those to which the rule of diminished value should apply. These defects consisted primarily of exterior defects, such as cracks in the brick wall, sills, and outside basement wall. The cost of repairing these items was $1,151.07. By adding an inconvenience factor of $499, the appraiser assigned damages under the diminished-value rule of $1,650. The items to which the cost-of-repair rule applied as determined by the contractor amounted to $1,857.95. All of these defects excepting the driveway were in the interior of the building. The appraiser added to this figure an inconvenience factor of $642.05, resulting in a cost of repair of $2,500.

The real-estate appraiser had no authority to include an inconvenience factor of $642.05 in the cost of repair of those items falling within the cost-of-repair rule. The stipulation expressly provided those items were to be determined by the building contractor and were to be excluded from items constituting diminished value. The amount of damages result-

ing from such defects was of no concern to the real-estate appraiser. Consequently, the award should be modified and corrected in this respect by eliminating the sum of $642.05 from the award. The court has power to modify an award under sec. 298.11 (1) (b), "Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted." This item is severable from the other elements of the cost-of-repair items which were properly determined by the building contractor.

The stipulation did not restrict the real-estate appraiser in his judgment or method of arriving at present values under the diminished-value rule. The expert used the cost-of-repair plus an inconvenience factor in determining the present value of the building as it stood with the defects. He justified this from his experience and in his expertise. Defendant argues the diminished value cannot include the cost-of-repair and an inconvenience factor. In explaining the diminished-value rule in *Plante v. Jacobs, supra,* we stated the cost of replacement or repair is not the measure of such diminished value, but is an element to take into consideration in arriving at value under some circumstances. "The cost of replacement or the cost to make whole the omissions may equal or be less than the difference in value in some cases and, likewise, the cost to rectify a defect may greatly exceed the added value to the structure as corrected." The real-estate appraiser determined this was a situation in which to use the cost of repair as an element. Whether he was right or wrong in that determination cannot be determined by the court.

It was an ancient rule at common law that mere errors of judgment were not enough to upset an award whether upon questions of fact or of law if within the submission. *Decker*

*v. Ladish-Stoppenback Co., supra; Donaldson v. Buhlman* (1908), 134 Wis. 117, 113 N. W. 638, 114 N. W. 431; *McCord v. Flynn* (1901), 111 Wis. 78, 86 N. W. 668. There is no question the real-estate appraiser acted honestly. The parties contracted for his judgment and opinion as a real-estate appraiser on value in lieu of a trial and that is what they received. His errors of judgment within the scope of the submission honestly committed were contingencies assumed by the process of arbitration. If the parties intended to limit the expert in his opinion to certain theories of establishing value, the stipulation should have so provided.

The defendant contends the report is defective because the appraiser considered the driveway both as a cost-of-repair item and also an item of diminished value. Actually, the appraiser was mistaken in his explanation in including an inconvenience factor of $499 to the diminished value. He was under the impression part of the inconvenience would be due to the driveway being out of use. This mistake is of such a nature as to come within the risk of an arbitration submission since it does not fall within the class of mistake under sec. 298.11 (1) (a), Stats., which can be corrected, or is it such a mistake as would be grounds to set aside a common-law arbitration. *Decker v. Ladish-Stoppenback Co., supra; Donaldson v. Buhlman, supra.*

We do not agree the report of the appraiser and contractor was defective because those persons did not have a clear idea of the test each was to employ in determining damages. The testimony shows they understood their duties and we consider the mistakes made as errors of judgment and not, as claimed by the defendant, as an unintentional misapprehension or ignorance of a material fact and so gross and palpable as to be equivalent of arbitrary action. The report is definite and certain and in sufficient detail to fulfil the purposes for which the submission was made. Much of the

difficulty in this case arises from the inadequacy of definiteness of the agreement to submit. To a lawyer, the language used conveys by innuendo much more meaning than it does to laymen.

*By the Court.*—The judgment appealed from should be modified by the reduction therefrom of $642.05 and, as so modified, is affirmed; the appellant to have costs on appeal.