STUBBINGS, Respondent, vs. McGREGOR and others, Appellants.

*October 2 — October 17, 1893.*

(1–4) *Sale of chattels: Estimate of quantity, in nature of an award of arbitrators: Omissions: Evidence: Determination by court.* (5) *Costs: Discretion.*

1. A contract for the sale of certain lumber provided that the amount thereof should be estimated by two persons, one chosen by each party, and said two to choose a third in case of disagreement, and that their estimate should be conclusive. *Held,* that the estimate so made stood upon the same ground as an award of arbitrators, and should not be disturbed except for fraud or a mistake, as distinguished from mere misjudgment, affecting in a considerable degree the substantial rights of the party complaining of it.

2. Such estimators having, without authority, regraded the lumber and omitted from their estimate a portion thereof which was included in the sale, their partial estimate is wholly inoperative.

3. The objection that the evidence of the estimators, or their subsequent statements, could not be received to impeach their estimate, could not be made for the first time on appeal to this court.

4. The lumber having been shipped away by the purchasers, after such partial estimate, so that a new estimate could not be made, the court in a proper case might hear proofs as to the quantity of the lumber and decree accordingly.

5. Defendants having appealed from the taxation of costs by the clerk, plaintiff offered to deduct the sum claimed as excessive if defendants would withdraw their appeal without costs of motion, but defendants declined to do so. The court, having found that a smaller sum should be deducted, refused costs of motion. *Held,* not an abuse of discretion.

APPEAL from the Circuit Court for *Oneida* County.

The plaintiff and defendants entered into a written agreement April 23, 1890, by which the former bargained and sold to the latter "all the lumber belonging to him now in pile at the mill of E. K. Buttrick in Rhinelander, Wis., excepting culls in pile, and excepting timber. . . . All to

be delivered and shipped on or before September 15, 1890; the quantity of said lumber to be ascertained by estimating the same in the piles where the same is now piled." Each party was to choose one person to estimate the lumber, and they were to estimate it immediately, and if they could not agree the two persons should choose a third person, and a majority of the three were to make the estimate, "and the estimate thus made, either by the two or the three persons, shall be conclusive and binding upon the parties." The defendants were to pay $11 a thousand for such lumber, according to the estimate thus provided for. Alexander McPhail and Thomas E. Strange were chosen, as provided, to make the estimate, and they agreed that the amount of the lumber was 2,974,000 feet. The plaintiff, being dissatisfied, commenced this action to restrain the defendants from further interfering with the lumber, and for a judgment declaring the amount of the lumber in question, and for general relief, alleging that through fraud or gross mistake on the part of the estimators a large amount of said lumber which the defendants were to take and pay for had not been estimated at all; that through such fraud, collusion, or gross mistake, the plaintiff would by said estimate, if allowed to stand, get no pay for over 330,000 feet of lumber sold at $11 per thousand; that the defendants had shipped between 300,000 and 400,000 feet of the lumber sold to various points; that the plaintiff, immediately after the estimate was made, notified the defendants that the estimate was wrong, false, and fraudulent, and that he would not accept it; that he ascertained from one of said estimators that a large amount of the lumber, exceeding 100,000 feet, had been overlooked by mistake and not estimated; that the defendants refused to make any adjustment of the matter, and insisted on the estimate already made as conclusive; that the plaintiff forbade the defendants removing the lumber; and that the defendants were insolvent,

but threatened to continue to remove the same. The plaintiff offered to rescind the contract. The defendants, in their answer and at the hearing, insisted that the estimate of 2,974,000 feet was just and fair and as nearly the exact measurement as it was practicable to arrive at on an estimate, and the allegations of the complaint were substantially denied.

The court found that the work of the estimators was grossly inaccurate; that they made a gross mistake as to the amount of the lumber which they did estimate; that it amounted to 3,088,030 feet, instead of 2,974,000, being an excess of 113,425 feet; that there should be practically no difference between a reasonably careful estimate of the lumber in pile by competent estimators, and the actual board measure of the same; that the estimators wholly failed to estimate and include therein three piles of lumber containing 85,000 feet, which were merchantable lumber and sold under the contract; that such piles were not composed of culls or timber; that the cull lumber in the stock was piled separately and marked as cull lumber, and that the estimators had no authority to reject or refuse to estimate any of the stock except the timber and culls in pile; that the defendants were solvent, and no grounds existed for the injunction. The amount removed by the defendants, and shipped away to various places, before suit, was stated in the defendant's answer as 256,000 feet, and in the complaint it was charged to be between 300,000 and 400,000 feet. The testimony tends to show that 290,000 feet was shipped away before the 9th of June, and thereafter 2,798,030 feet. The circuit court held that the plaintiff was entitled to relief in equity against the said mistake, and to recover on account thereof $2,182.68, being at the rate of $11 per thousand feet of the lumber not estimated. Exceptions were alleged to the findings above stated, and the plaintiff had judgment, from which the defendants ap-

pealed.　Such points in the evidence as are material to the decision are noticed in the opinion.

For the appellants there was a brief by *Hooper & Hooper*, and oral argument by *Ben. Hooper*.

For the respondent there were briefs by *Alban & Barnes*, attorneys, and *Gabe Bouck*, of counsel, and oral argument by *John Barnes* and *Gabe Bouck*.

PINNEY, J.　1. It was agreed that the estimate of the parties chosen to estimate the amount of lumber sold by the plaintiff to the defendants should *be conclusive*, and the estimate made stands substantially upon the same grounds, and its validity is to be determined by the same principles as are applicable to an award of arbitrators.　Their decision ought not to be disturbed, without some statement going to show that it was made under a mistake or was not honest.　*Baasen v. Baehr*, 7 Wis. 521; *Hudson v. McCartney*, 33 Wis. 332; *Early. v. Chippewa L. Co.* 68 Wis. 112.　It was conceded by appellants' counsel that for fraud or gross mistake the estimate in question might be set aside or disregarded.　In order to avoid the award for alleged mistake, the evidence should be clear and satisfactory.　The mistake to be shown must be of some material fact, as distinguished from mere misjudgment, and not of a trifling or comparatively immaterial character, but one affecting in an important or considerable degree the substantial rights of the party complaining of it.　It satisfactorily appears in this case that the estimators wholly omitted to estimate and include in their estimate of the amount of lumber sold by the plaintiff to the defendants, three piles of lumber amounting in all to about 85,000 feet, which, at the contract price of $11 per thousand, would amount to $935.　One of these piles was omitted by mistake, and the other two because, though piled as No. 3 lumber, which is a grade better than culls, and not with the piles of culls, the estimators consid-

ered and decided these piles in fact to be culls and not lumber sold under the contract. The submission in the contract is clear and explicit. The lumber sold was all that there was belonging to the plaintiff in pile at Buttrick's mill, excepting *culls in pile* and timber. The estimators were not authorized to grade or regrade the lumber, for it had already been graded, and reference was made to the result of the grading, in piles having a distinct character. They departed from their authority in omitting these piles as culls, for no authority had been conferred on them to decide that lumber piled as No. 3 was in fact culls, and in so doing they not only exceeded their authority but failed to execute the duty devolved on them by the submission, which required them to estimate *all* the lumber sold and not merely a part of it. A partial estimate was not, therefore, a valid execution of their authority, and is not binding on the parties. It left the entire amount practically at large,— as much so as if no submission and estimate had been made,— and wholly failed to meet the requirements of the occasion, namely, to ascertain and determine what amount of lumber the defendants were to pay for at $11 per thousand under the contract of sale. The rule, undoubtedly, is that the failure to pass upon all the matters submitted is fatal to the whole award, rendering it void. Morse, Arb. 345, and cases in note 1; *Canfield v. Watertown F. Ins. Co.* 55 Wis. 419, 426. It was claimed that the evidence of the estimators, or their subsequent statements, could not be received to impeach their estimate; but no objection on this ground was made at the trial, and it cannot now be made for the first time on appeal.

2. It was shown that one of the estimators, within about a month after the first estimate, made a measurement of that portion of the lumber which had been estimated and had not then been removed; and this showed, with the measurement of the part removed, that the estimate act-

ually made was 113,425 feet less than it should have been, making a difference in the amount to be paid to the plaintiff of $1,247.67; and other testimony was given, tending to the same result. This sum, with the former sum added, amounts to $2,182.68, quite an important item, although the bargain was for a large quantity of lumber, amounting in fact to over $34,000. The testimony does not very clearly show whether the mistake last mentioned was the result of gross inattention to duty, a mistake of fact, or the result of misjudgment. The fact that the estimators wholly overlooked one pile of lumber, and, upon actual measurement soon after, the amount so much exceeded the estimate, is not calculated to inspire a belief that they used ordinary care and caution in the discharge of their duty in a matter of such great importance to the parties; and we are impressed by the evidence with the belief that they did not exercise proper care and attention, and that some mistake of fact must have intervened to produce a result so prejudicial to the plaintiff. However this may be, it is not now material to consider, for the parties did not stipulate to be bound or concluded by a partial estimate, even to the extent it went; and by reason of the omission to include the three piles of lumber already mentioned, the estimate reported must be regarded as wholly inoperative. Such an obvious usurpation of authority as the record presents in this respect cannot be tolerated, and would lead, if permitted to stand in this or any similar case, to great injustice.

It appears that it is now impracticable for the estimators to fully execute their authority, as quite a considerable portion of the lumber had been shipped away when this action was commenced, and it appears inferentially from the evidence that it had all been so shipped before the trial, and doubtless it has been divided into divers parcels and sold to many widely-separated parties. One of the estimators appears to be satisfied that the lumber in fact esti-

Stubbings vs. McGregor and others.

mated exceeded the amount reported by 113,425 feet, to say nothing of the three piles not estimated. In case of an attempt to re-estimate it, and a disagreement, the third estimator chosen would have no data or means upon which to base his judgment. Doubtless, the powers of the estimators have now, for these reasons, become impossible of execution, and it was impracticable for the court to recommit the case for another estimate; and the only way in which justice could be done was for the court to hear proof as to the quantity of lumber, and decree according to the evidence produced, as the court did in the present case. We are convinced that the decision of the circuit court is supported by the evidence and is in accordance with the substantial rights of the parties.

3. There was an appeal from the taxation of costs by the clerk, on the ground that too large a sum was taxed for drawing the complaint and making the necessary copies, and for other papers, the excess claimed being $6. The plaintiff's attorneys offered to deduct this sum, if the defendants' attorneys would withdraw their appeal without costs of motion, but they declined to do so. The court deducted $3.65, and refused costs of motion. The printed case does not show that any greater sum should have been deducted, or any error on the part of the court. The granting or refusing costs of the motion, which was principally complained of, was a matter of discretion, with which we see no reason to interfere. The case does not, we think, present any error of which the defendants can complain.

*By the Court.*— The judgment of the circuit court is affirmed.