PLANTE, Respondent, v. JACOBS and wife, Appellants.*

*May 4—June 7, 1960.*

\* Motion for rehearing denied, with $25 costs, on October 4, 1960.

For the appellants there were briefs and oral argument by *Howard H. Boyle, Jr.,* of Milwaukee.

For the respondent there was a brief and oral argument by *Richard S. Hippenmeyer* of Waukesha.

HALLOWS, J. The defendants argue that the plaintiff cannot recover any amount because he has failed to substantially perform the contract. The plaintiff conceded he failed to furnish the kitchen cabinets, gutters and downspouts, sidewalk, closet clothes poles, and entrance seat amounting to $1,601.95. This amount was allowed to the defendants. The defendants claim some 20 other items of incomplete or faulty performance by the plaintiff and no substantial performance because the cost of completing the house in strict compliance with the plans and specifications would amount to 25 or 30 per cent of the contract price. The defendants especially stress the misplacing of the wall between the living room and the kitchen, which narrowed the living room in excess of one foot. The cost of tearing down this wall and rebuilding it would be approximately $4,000. The record is not clear why and when this wall was misplaced, but the wall is completely built and the house decorated and the defendants are living therein. Real-estate experts testified that the smaller width of the living room would not affect the market price of the house.

The defendants rely on *Manitowoc Steam Boiler Works v. Manitowoc Glue Co.* (1903), 120 Wis. 1, 97 N. W. 515, for the proposition that there can be no recovery on the contract as distinguished from *quantum meruit* unless there is substantial performance. This is undoubtedly the correct rule at common law. For recovery on *quantum meruit,* see *Valentine v. Patrick Warren Construction Co.* (1953), 263 Wis. 143, 56 N. W. (2d) 860. The question here is whether there has been substantial performance. The test of what amounts to substantial performance seems to be whether the performance meets the essential purpose of the contract. In the *Manitowoc Case* the contract called for a boiler having

a capacity of 150 per cent of the existing boiler. The court held there was no substantial performance because the boiler furnished had a capacity of only 82 per cent of the old boiler and only approximately one half of the boiler capacity contemplated by the contract. In *Houlahan v. Clark* (1901), 110 Wis. 43, 85 N. W. 676, the contract provided that the plaintiff was to drive pilings in the lake and place a boathouse thereon parallel and in line with a neighbor's dock. This was not done and the contractor so positioned the boathouse that it was practically useless to the owner. *Manthey v. Stock* (1907), 133 Wis. 107, 113 N. W. 443, involved a contract to paint a house and to do a good job, including the removal of the old paint where necessary. The plaintiff did not remove the old paint, and blistering and roughness of the new paint resulted. The court held that the plaintiff failed to show substantial performance. The defendants also cite *Manning v. School Dist.* (1905), 124 Wis. 84, 102 N. W. 356. However, this case involved a contract to install a heating and ventilating plant in the school building which would meet certain tests which the heating apparatus failed to do. The heating plant was practically a total failure to accomplish the purposes of the contract. See also *Nees v. Weaver* (1936), 222 Wis. 492, 269 N. W. 266 (roof on a garage).

Substantial performance as applied to construction of a house does not mean that every detail must be in strict compliance with the specifications and the plans. Something less than perfection is the test of specific performance unless all details are made the essence of the contract. This was not done here. There may be situations in which features or details of construction of special or of great personal importance, if not performed, would prevent a finding of substantial performance of the contract. In this case the plan was a stock floor plan. No detailed construction of the house was shown on the plan. There were no blueprints.

The specifications were standard printed forms with some modifications and additions written in by the parties. Many of the problems that arose during the construction had to be solved on the basis of practical experience. No mathematical rule relating to the percentage of the price, of cost of completion, or of completeness can be laid down to determine substantial performance of a building contract. Although the defendants received a house with which they are dissatisfied in many respects, the trial court was not in error in finding the contract was substantially performed.

The next question is, What is the amount of recovery when the plaintiff has substantially, but incompletely, performed? For substantial performance, the plaintiff should recover the contract price less the damages caused the defendant by the incomplete performance. Both parties agree *Venzke v. Magdanz* (1943), 243 Wis. 155, 9 N. W. (2d) 604, states the correct rule for damages due to faulty construction amounting to such incomplete performance, which is the difference between the value of the house as it stands with faulty and incomplete construction and the value of the house if it had been constructed in strict accordance with the plans and specifications. This is the diminished-value rule. The cost of replacement or repair is not the measure of such damage, but is an element to take into consideration in arriving at value under some circumstances. The cost of replacement or the cost to make whole the omissions may equal or be less than the difference in value in some cases and, likewise, the cost to rectify a defect may greatly exceed the added value to the structure as corrected. The defendants argue that under the *Venzke* rule their damages are $10,000. The plaintiff on review argues that the defendants' damages are only $650. Both parties agree the trial court applied the wrong rule to the facts.

The trial court applied the cost-of-repair or replacement rule as to several items, relying on *Stern v. Schlafer* (1943),

244 Wis. 183, 11 N. W. (2d) 640, 12 N. W. (2d) 678, wherein it was stated that when there are a number of small items of defect or omission which can be remedied without the reconstruction of a substantial part of the building or a great sacrifice of work or material already wrought in the building, the reasonable cost of correcting the defect should be allowed. However, in *Mohs v. Quarton* (1950), 257 Wis. 544, 44 N. W. (2d) 580, the court held when the separation of defects would lead to confusion, the rule of diminished value could apply to all defects.

In this case no such confusion arises in separating the defects. The trial court disallowed certain claimed defects because they were not proven. This finding was not against the great weight and clear preponderance of the evidence and will not be disturbed on appeal. Of the remaining defects claimed by the defendants, the court allowed the cost of replacement or repair except as to the misplacement of the living-room wall. Whether a defect should fall under the cost-of-replacement rule or be considered under the diminished-value rule depends upon the nature and magnitude of the defect. This court has not allowed items of such magnitude under the cost-of-repair rule as the trial court did. Viewing the construction of the house as a whole and its cost we cannot say, however, that the trial court was in error in allowing the cost of repairing the plaster cracks in the ceilings, the cost of mud jacking, and repairing the patio floor, and the cost of reconstructing the nonweight-bearing and nonstructural patio wall. Such reconstruction did not involve an unreasonable economic waste.

The item of misplacing the living-room wall under the facts of this case was clearly under the diminished-value rule. There is no evidence that defendants requested or demanded the replacement of the wall in the place called for by the specifications during the course of construction. To tear down the wall now and rebuild it in its proper place

would involve a substantial destruction of the work, if not all of it, which was put into the wall and would cause additional damage to other parts of the house and require replastering and redecorating the walls and ceilings of at least two rooms. Such economic waste is unreasonable and unjustified. The rule of diminished value contemplates the wall is not going to be moved. Expert witnesses for both parties, testifying as to the value of the house, agreed that the misplacement of the wall had no effect on the market price. The trial court properly found that the defendants suffered no legal damage, although the defendants' particular desire for specified room size was not satisfied. For a discussion of these rules of damages for defective or unfinished construction and their application, see Restatement, 1 Contracts, pp. 572, 573, sec. 346 (1)(a), and illustrations.

On review, the plaintiff raises two questions: Whether he should have been allowed compensation for the disallowed extras, and whether the cost of reconstructing the patio wall was proper. The trial court was not in error in disallowing the claimed extras. None of them was agreed to in writing as provided by the contract, and the evidence is conflicting whether some were in fact extras or that the defendants waived the applicable requirements of the contract. The plaintiff had the burden of proof on these items. The second question raised by the plaintiff has already been disposed of in considering the cost-of-replacement rule.

It would unduly prolong this opinion to detail and discuss all the disputed items of defects of workmanship or omissions. We have reviewed the entire record and considered the points of law raised and believe the findings are supported by the great weight and clear preponderance of the evidence and the law properly applied to the facts.

*By the Court.*—Judgment affirmed.