GARSTKA, Respondent, v. RUSSO and wife, Appellants.

*November 3—November 28, 1967.*

148

For the appellants there were briefs by *Douglas & Omernik* and *Dennis C. Bailey,* all of Spooner, and oral argument by *Mr. Bailey.*

For the respondent there was a brief and oral argument by *Daniel B. Merriam* of Ladysmith.

HALLOWS, J.   Two issues are presented on this appeal: (1) Whether the award of the arbitrators was valid and binding upon the parties, and (2) whether the evidence supports the findings of the trial court.

## The Arbitration Award.

Although both the items of labor and materials were submitted to the arbitrators, their work was incomplete in that they dealt only with the extent and value of services performed. The defendants argue the award of $1,500 for services is binding notwithstanding the fact the arbitrators failed to act on the second matter submitted to them. The defendants rely on *Donaldson v. Buhlman* (1908), 134 Wis. 117, 113 N. W. 638, 114 N. W. 431, for the proposition that where questions which are not dependent upon each other and are severable in their nature are submitted to arbitration, the fact the award upon one question is bad does not necessarily invalidate the award on the other questions unless the same vice affects them all or unless the void part is a consideration for the other parts. While some basis for this argument may also be found in 5 Am. Jur. 2d, *Arbitration and Award,* p. 631, sec. 150, we think the argument is inapplicable to the facts of this case.

Here, the arbitrators made only a partial arbitration and failed to perform the duty placed upon them by the

submission which required them to determine the value of the materials furnished as well as the value of the labor. When a matter is submitted to arbitrators and a final and definite award covering all the subject matter submitted is not made, the arbitration has failed to serve its purpose and should not be accepted. *Canfield v. Watertown Fire Ins. Co.* (1882), 55 Wis. 419, 13 N. W. 252; *Stubbings v. McGregor* (1893), 86 Wis. 248, 56 N. W. 641. It is essential to the validity of the award in the absence of a saving statute that the award be complete, final and terminate the question under arbitration so as to be subject to complete enforcement by a judgment or a decree. 6 Williston, *Contracts* (rev. ed.), pp. 5397, 5398, sec. 1929; 6 C. J. S., *Arbitration and Award,* pp. 226, 235, secs. 81, 89. In the instant case the award served no useful purpose and did not avoid a lawsuit which was the purpose of the submission. As we said in *Goldmann Trust v. Goldmann* (1965), 26 Wis. 2d 141, 150, 131 N. W. 2d 902, "An arbitration award must be final and must not 'naturally lead to and stimulate new controversies and litigation, instead of securing the object sought to be attained by the arbitration of finally and definitely settling the old controversy.' "

The defendant's argument is untenable. The amount of material was a significant item submitted to arbitration. The arbitrators made no mere error of judgment upon a question of law or fact submitted but entirely mistook their duty. True, one must take arbitrators as they find them with their weaknesses and their frailties, *Koepke v. E. Liethen Grain Co.* (1931), 205 Wis. 75, 236 N. W. 544, but this rule does not include a failure to perform their duty. The trial court found, and we think correctly, under sec. 298.10, Stats.,[1] enacted in 1931 as part of the Wisconsin Arbitration Act, that the arbitrators so im-

[1] "Vacation of award, rehearing by arbitrators. (1) In either of the following cases the court in and for the county wherein the

perfectly executed their power that a final and definite award upon the subject matter submitted was not made.

## Sufficiency of Evidence.

We think the evidence sustains the findings of the trial court and while the evidence is not voluminous, the findings are supported and are not against the great weight and clear preponderance of the evidence, if it could be said there is that much evidence. The findings are not detailed; the court found only the reasonable value of the services and materials furnished by the plaintiff was $3,455.10. The plaintiff testified concerning the number of hours he worked and the rate per hour. Rebutting testimony on the part of the defendants was given by two of the arbitrators who testified what they thought the value of the labor should be to construct the cottages. This testimony raised basically a question of credibility or whom and how much of his testimony the court should believe. There is also a dispute in the testimony over the amount of materials and whether the plaintiff or the defendants furnished specific items.

Attached to the plaintiff's brief is a summary of various items of labor and materials keyed to the testimony in the record. This calculation substantiates the findings of the trial court although we do not know if this selection of figures was used by the trial court in arriving at its finding of the value of the labor and materials. However, it is not necessary for the plaintiff to prove the court actually used this combination of figures in arriving at its findings. The defendants argue the use of the summary is speculation, although they

award was made must make an order vacating the award upon the application of any party to the arbitration:

"...

"(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

admit it does show that one can arrive at the ultimate figure of the trial court by such careful arrangement of the numerous figures found in the testimony. This court must frequently speculate how a jury or a court arrived at its findings, but this is not objectionable and does not prove the trier of the facts speculated in its fact-finding process. It is the function and the duty of the finder of the facts to find where the truth lies when the evidence is conflicting, as it is here. The findings of the trial court must be sustained.

*By the Court.*—Judgment affirmed.