371 N.E.2d 404 (1978)
James Robert JOHNSON, Defendant-Appellant, Corena Webster, William W. Webster, and Greencastle Production Credit Association, Defendants (Not Appealing),
v.
TAYLOR BUILDING CORPORATION, Plaintiff-Appellee, Standard Federal Savings and Loan Association of Indianapolis, Defendant-Appellee.
No. 1-576A70.
Court of Appeals of Indiana, First District.
January 18, 1978.
*405 George N. Craig, Craig, Craig & Yelton, Brazil, Lyon & Boyd, Greencastle, for defendant-appellant.
William L. McClellan, Greencastle, for Taylor Bldg. Corp.
Curtis S. Travis, James T. Burns, Indianapolis, for Standard Federal Sav. & Loan Assn. of Indianapolis; Royse, Travis, Hendrickson & Pantzer, Indianapolis, of counsel.
ROBERTSON, Chief Judge.
Defendant-appellant James Robert Johnson (Johnson) appeals from a judgment in Putnam Circuit Court foreclosing a mechanics' lien and a mortgage lien on real estate owned by Johnson. In a prior appeal to this court,[1] we held in affirming the trial court's judgment that the transcript of the trial proceedings was not properly before this court and, therefore, the court could not decide the issues raised by Johnson. Our Supreme Court subsequently granted transfer and remanded the case to this court for a decision on the merits.
From Johnson's motion to correct errors, and his statement of issues and argument in his amended brief, we have gleaned one issue[2] for review:
Whether the contractor's failure to secure a septic permit prior to construction should bar his recovery under a mechanics' lien.
Under the facts of this case, we have concluded that the foreclosure was proper, and, therefore, we affirm the judgment of the trial court.
The pertinent facts in this case are as follows:
On June 22, 1971, Johnson and Taylor Building Corporation (Taylor), plaintiff-appellee, entered into a contract for the construction of four two-family dwellings on certain property owned by Johnson in Putnam County. To fund the construction originally priced at $74,560, Johnson executed a mortgage in the principal sum of $74,500 to Standard Federal. In late September or early October, 1971, footings for the units were put in. A series of problems *406 pertaining to the sought-after approval of a septic system followed which resulted in delaying completion of construction from an anticipated March, 1972 date until July, 1974.
Having received only approximately one-half of its payment due under the contract, Taylor filed notice of intention to hold a mechanics' lien in June, 1974, and the litigation resulting in this appeal followed therefrom.
It is well-settled that as a reviewing court we will not weigh the evidence nor substitute judgment for that of the trial court merely for the reason that we might feel disposed to rule differently had this court the prerogative of weighing evidence. Only where the evidence is without conflict and leads but to one reasonable conclusion, will the judgment be set aside on the ground that it is contrary to law.
With regard to the Indiana mechanics' lien statute, our courts have consistently held that once a lien claimant has established that his claim is within the scope of the statute, liberal construction will be given so that its purpose can be accomplished. Indianapolis Northern Traction Company v. Brennan (1909), 174 Ind. 1, 87 N.E. 215; Hough v. Zehrner (1973), 158 Ind. App. 409, 302 N.E.2d 881; 19 I.L.E., Mechanics' Liens § 4.
Johnson's contention on appeal that it was error to foreclose the mechanics' lien centers about the following provision in the construction agreement in which, Johnson alleges, Taylor agreed:
"6. To comply fully with all laws, ordinances and regulations concerning the construction of buildings such as covered hereby, which have been enacted by the State of Indiana or any political subdivision of the State having jurisdiction over such property."
Johnson maintains that at the time of the making of the contract a county ordinance required a septic permit prior to construction.
With the principles of appellate review in mechanics' lien cases in mind (as set out, supra), we recognize, to begin with, that Johnson is challenging foreclosure on the basis that the construction company breached a clause in the contract; Johnson does not challenge whether Taylor satisfied the strict qualifications of those entitled to acquire and enforce such liens. After a review of cases cited in the briefs of the parties, together with further research of our own, we are unable to find where the question now presented by the approach taken by Johnson has ever been squarely answered by the Court of Appeals or our Supreme Court. Our affirmation in this case is guided, however, by Johnson's failure to satisfy the rules of appellate procedure and by other considerations.
First, the record before this court does not include the pertinent ordinance upon which Johnson would have this court premise a reversal; Johnson merely adverts to testimony by the County Sanitarian that approval of septic system permits by the Putnam County Board of Health was required before construction began. It would be presumptuous for this reviewing court to reverse a judgment based upon evidence which is not before us. Certainly, therefore, the demands of Appellate Rule 8.2(B)(4)[3] have not been met.
Even were we to disregard Johnson's failure to satisfy the requirements of a proper appellate brief, we are convinced that this judgment should be affirmed on other grounds as well. Though not addressing the issue squarely, Judge Sharp stated in Drost v. Professional Building Service Corp. (1972), 153 Ind. App. 273, 278, 286 N.E.2d 846, 849-850 that, "[A]ssuming, ... that the contract ... affirmatively called for PBS Corp. to obtain the necessary building permits, this does not represent a valid defense to a suit to foreclose a mechanics' lien." For support, Judge Sharp then referred to Annot., 26 A.L.R.3d 1395, which considers the failure by an artisan or *407 contractor to comply with a statute or regulation requiring a work permit or submission of plans as affecting the right to recovery of compensation. The annotation summarizes the cases in the area from other jurisdictions with this statement:
Most of the few cases which have considered the question have taken the view that the failure to obtain a work permit or to file plans and specifications does not preclude recovery under the contract by the terms of which the services were rendered, at least where the work was otherwise performed in accordance with the requirements of law.
There is no allegation here by Johnson that the contract was illegal because of a statutory violation. Therefore, we need not reach that issue nor could we since, unlike other cases in which the parties set forth the statutory language upon which the reviewing court based its decision, in this case the ordinance and any purported enforcement language is not before this court. A presumption of legality rests with the present contract. Williston, in his treatise on contracts, stated:
In general, unless an agreement necessarily contemplates an illegal act, it is enforceable, and if it is later performed in a way that involves some slight violation of law, not seriously injurious to the public order, the person performing may recover on his bargain. This principle has been stated more broadly:
"Where a bargain does not in terms necessarily involve a violation of law, the fact that the plaintiff performs it in a way not allowed by law, does not preclude recovery, if not seriously injurious to the public order."
15 Williston on Contracts, Third Edition § 1767 (1972), pp. 265-266.
Our holding is based, moreover, on Taylor's substantial performance of the underlying construction contract. The noted case, Plante v. Jacobs (1960), 10 Wis.2d 567, 103 N.W.2d 296, set forth the general principles of substantial performance in construction contracts:
Substantial performance as applied to construction of a house does not mean that every detail must be in strict compliance with the specifications and the plans. Something less than perfection is the test of specific performance unless all details are made the essence of the contract.
.....
No mathematical rule relating to the percentage of the price, of cost of completion, or of completeness can be laid down to determine substantial performance of a building contract.
10 Wis.2d at 571 and 572, 103 N.W.2d at 298.
It is uncontroverted that Taylor substantially performed all requirements of the contract except for the final act of installing the septic system. The record indicates that during the course of construction Taylor made repeated good-faith efforts to secure the required septic permit but encountered difficulties unexpected at the time of contracting. Taylor also testified that it was common practice in such construction to specify a septic system of a particular size and then make adjustment in the system based upon percolation tests. Again, we reiterate that on appeal this court will only consider the evidence most favorable to the appellee together with all reasonable inferences to be drawn therefrom.
In a situation where there has been substantial performance of a contract but not full performance, the amount of the value of the labor and material is the contract price less deductions for errors or omissions in doing the work and less payments received. See Drost, supra, 153 Ind. App. at 280-281, 286 N.E.2d at 851; see generally; Plante v. Jacobs, supra; 13 Am.Jur.2d Building and Construction Contracts § 80 (1964); 57 C.J.S. Mechanics' Liens § 175 (1948). This is the formula followed by the trial court in its finding of fact number 8.
*408 For all the foregoing reasons, the judgment of the trial court should be affirmed in all respects.
Judgment affirmed.
LOWDERMILK and LYBROOK, JJ., concur.
NOTES
[1] (1977), Ind. App., 363 N.E.2d 1067.
[2] Johnson asserts in his argument that the co-appellee, Standard Federal Savings and Loan Association of Indianapolis (Standard Federal), defendant below, was unjustly enriched by applying loans in process funds to the mortgage payments unpaid by Johnson. This issue was not properly before the trial court, and, therefore, cannot be raised for the first time on appeal. All other assertions of error, not having been argued pursuant to Ind. Rules of Procedure, Appellate Rule 8.3(A)(7), have been waived by appellant.
[3] "If determination of the issues presented requires the study of statutes, rules, regulations, etc., the relevant parts thereof shall be reproduced in the brief." AP. 8.2(B)(4).