## IN the MATTER OF ARBITRATION PROCEEDINGS BETWEEN: Steven R. FILLNOW, Grievant-Respondent-Cross Appellant,

v.

## CITY OF MADISON, Employer-Appellant-Cross Respondent.

Court of Appeals

*No. 87–1886. Submitted on briefs November 7, 1988.—Decided December 22, 1988.*

(Also reported in 435 N.W.2d 296.)

For the grievant-respondent-cross appellant the cause was submitted on the briefs of *Henry A. Gempeler,* city attorney, and *Larry W. O'Brien,* assistant city attorney.

For the employer-appellant-cross respondent the cause was submitted on the brief of *Bruce K. Kaufmann,* and *Jenswold, Studt, Hanson, Clark & Kaufmann,* of Madison.

Before Gartzke, P.J., Dykman, and Sundby, JJ.

DYKMAN, J.   This is an appeal from a judgment modifying an arbitration award. The dispositive issue is whether sec. 788.11(1), Stats.,[1] permits a circuit court to determine the value of an arbitrator's award, and render judgment in that amount. Because the circuit court

---

[1]Section 788.11(1), Stats., provides:

In either of the following cases the court in and for the county wherein the award was made must make an order modifying or correcting the award upon the application of any party to the arbitration:
    (a)  Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award;
    (b)  Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted;
    (c)  Where the award is imperfect in matter of form not affecting the merits of the controversy.

lacked competency to modify the award in this way, we reverse.

Steven Fillnow, a Madison police officer, was discharged in 1982. He grieved the discharge, and an arbitrator entered an award reinstating Fillnow with back pay. The circuit court vacated the award, but we reversed and remanded with instructions to enter an order confirming the award. *Fillnow v. City of Madison,* No. 86-0247 unpublished slip op. (Wis. Ct. App. Feb. 24, 1987).

The circuit court did not confirm the award. Instead, on Fillnow's motion, it held evidentiary hearings to determine the amount of money to which Fillnow was entitled under the arbitrator's award. It rendered a money judgment against the city. The city appealed, asserting that the award should be decreased. Fillnow cross-appealed, claiming that the award should be increased.

We asked the parties to brief the issue whether, under ch. 788, the circuit court was competent to determine the amount of money Fillnow should receive under the arbitrator's award. They have done so.

Arbitrator's awards are subject to limited judicial review. *McKenzie v. Warmka,* 81 Wis. 2d 591, 603, 260 N.W.2d 752, 758 (1978). "Where none of the conditions prescribed by secs. 298.10 and 298.11, Stats., [now secs. 788.10 and 788.11, Stats.] as grounds for vacating or modifying an award are present, the trial court has no jurisdiction to vacate, modify or correct an award." *Milwaukee Police Asso. v. Milwaukee,* 92 Wis. 2d 175, 182, 285 N.W.2d 133, 136–37 (1979).

In *Diversified Management Services v. Slotten,* 119 Wis. 2d 441, 448–50, 351 N.W.2d 176, 180–81 (Ct. App. 1984), we considered the proper judicial remedy where

an arbitrator entered an award of "one-half of [defendants'] expenses for December 1982 through February 1983," but did not provide a dollar value for the award. We concluded that the circuit court should remand the award to the arbitrator with instructions to determine the dollar value of the expenses. Though the issue in *Diversified Management Services* was whether the award should be totally vacated or vacated in part, we concluded that partial vacation better served a legislative intent that arbitration be speedy and inexpensive, and that it finally resolve disputes.

We conclude that the holdings in *Milwaukee Police Asso., McKenzie* and *Diversified Management Services* compel a conclusion that when an arbitrator's award has determined issues, but has failed to include monetary values in its determination, a circuit court may not independently determine the monetary value of the arbitrator's award. We acknowledge that in *Stubbings v. McGregor and others,* 86 Wis. 248, 56 N.W. 641 (1893), the supreme court affirmed a trial court judgment adding $935 to an arbitration award because the arbitrators had failed to include in their award the value of three piles of lumber. However, *Stubbings* was decided under common law arbitration, and we conclude that that case would now fall under sec. 788.11(1), Stats.

The trial court in this case did not change the award by correcting an arithmetical error but considered whether items claimed by Fillnow and disputed by the city could and should be included in the judgment.

In *Milwaukee Police Asso.,* 92 Wis. 2d at 182, 285 N.W.2d at 136–37, the court ruled that the trial court had no jurisdiction to entertain a motion to dismiss an

application for an order confirming an arbitrator's award because the movant had not complied with the conditions of sec. 298.11, Stats., [now sec. 788.11, Stats.]. However, *Mueller v. Brunn,* 105 Wis. 2d 171, 176–77, 313 N.W.2d 790, 792–93 (1982), explains that where the legislature has set standards for proper invocation of a trial court's subject matter jurisdiction, the failure to conform to those standards deprives a trial court of competency to enter a valid judgment. We therefore conclude that the circuit court lacked competency to enter an order modifying the arbitrator's award. We reverse and remand to the circuit court with directions to remand for arbitration the issue of what damages Fillnow should receive under the parties' labor contract.

*By the Court.*—Judgment reversed and cause remanded with directions.