Rodney DePUE, d/b/a Custom Molded Plastics, f/k/a
R. B. DePue & Associates, Plaintiff-Respondent,

v.

MASTERMOLD, INC., Defendant-Appellant.

Court of Appeals

*No. 90–1678. Submitted on briefs January 2, 1991.—Decided
March 6, 1991.*

(Also reported in 468 N.W.2d 750.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Bruce C. O'Neill* and *Diane Slomowitz* of *Fox, Carpenter, O'Neill & Shannon, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jerry D. Zimmerman* of *Piette, Nelson, Zimmerman & Dries, S.C.* of Milwaukee.

Before Brown, Scott and Anderson, JJ.

SCOTT, J.   Mastermold, Inc., appeals from a judgment confirming an arbitrator's award made in favor of

Rodney DePue, d/b/a Custom Molded Plastics. Mastermold contends that it was illegally excluded from the arbitrator-selection process, and that the arbitrator therefore acted in excess of his authority. The circuit court ruled that, having participated in the arbitration proceedings, Mastermold was estopped from first bringing this objection to the court after the proceedings were completed. We affirm the circuit court, but on statutory and waiver grounds. We hold that when a party seeks circuit court review of arbitration proceedings, the challenge must be based upon one of the grounds listed in sec. 788.10, Stats., and must have been raised before the arbitrator.

In early 1989, DePue filed a lawsuit against Mastermold seeking sales commissions he claimed Mastermold owed him. On July 25, Mastermold successfully moved to stay the action and submit the matter to arbitration by the American Arbitration Association (AAA).

By letter dated August 8, 1989, DePue's attorney filed with AAA a demand for arbitration. The letter also informed AAA that Mastermold's attorney was being served with the demand and gave the name and address of the law firm and the attorney, Bruce O'Neill, representing Mastermold. Mastermold did not itself notify AAA that it was represented by O'Neill or any other counsel.[1]

---

[1] Rule 22 of the American Arbitration Association's Commercial Arbitration Rules provides:

> **Representation.** Any party may be represented by counsel or other authorized representative. A party intending to be so represented shall notify the other party and the AAA of the name and address of the representative at least three days prior to the date set for the hearing at which that person is first to appear. When such a representative initiates an arbitration or responds for a party, notice is deemed to have been given.

On August 16, AAA sent to DePue's attorney and to Mastermold—but not to Mastermold's attorney—correspondence which acknowledged the arbitration demand and provided a list of ten potential arbitrators. The parties were instructed to strike unacceptable names by August 26. Believing its attorney had received the same information, Mastermold placed the documents in its files and did not forward a copy of them to its attorney.

DePue's attorney struck five of the ten names; Mastermold struck none. On October 5, AAA notified DePue's attorney and Mastermold that David Kingstad had been selected as arbitrator. The parties were instructed to select a potential hearing date. Mastermold also placed this letter in its files, again neither taking action on it nor forwarding a copy to O'Neill, its attorney.

O'Neill first learned of the August 16 and October 5 documents on October 10, while discussing an unrelated matter with Mastermold. O'Neill then wrote to Kevin Nemeh, the AAA Tribunal Administrator, objecting to the selection of Kingstad as arbitrator on the grounds that Mastermold had no input in the selection process, and requesting vacation of the appointment and a new selection process. O'Neill closed the letter with the statement: "In the event that the Association denies this request, I include the form as to setting the dates." Similarly, a letter from O'Neill to Nemeh dated October 18, 1989, written in response to DePue's request for a December 19 hearing, stated:

> I also discovered that I have a conflict on December 19. If the Association denies Mastermold's request for the reselection of an arbitrator, it is requested that the hearing be scheduled on the mutually convenient date of December 20, 1989.

DePue objected to AAA in writing to Mastermold's attempt to institute arbitrator reselection proceedings. Mastermold's request for reselection was effectively denied by a notice of hearing, designating December 20, 1989 as the hearing date and Kingstad as arbitrator.

Mastermold participated in the three-day arbitration hearing without raising at the hearing a challenge to the arbitrator's authority. Kingstad found in favor of DePue. Mastermold was ordered to pay DePue $44,880.50, plus $405 for DePue's various administrative fees and expenses, and to pay AAA over $1000 for fees and expenses.

DePue moved to confirm the award. Mastermold moved to vacate the adverse determination under sec. 788.10(1)(a), (c) and (d), Stats.[2] The circuit court denied Mastermold's motion and granted DePue's, concluding that because Mastermold had participated in the arbitration hearing, it was estopped from attacking the selection of the arbitrator. The court held that sec. 788.03, Stats., is broad enough to have allowed Mastermold to judicially challenge the selection of the arbitrator by moving to stay the proceedings. Mastermold now appeals to this court and asks that we reverse the circuit court's judgment and order new arbitration proceedings. We decline that invitation and affirm the award.

---

[2]While Mastermold's brief in support of its motion to vacate asserts that Mastermold sought vacation of the award under sec. 788.10(1)(a), (c) and (d), Stats., its appellate brief lists the grounds as subsecs. (a), (b) and (d). Regardless of whether subsec. (b) or (c) was intended, Mastermold's appellate brief fails to offer any evidence or argument in support of subsec. (a), (b) or (c). We therefore address Mastermold's argument only to the extent that it attacks the arbitrator's authority under subsec. (d).

Arbitrators' awards are subject to limited judicial review. *Fillnow v. City of Madison,* 148 Wis. 2d 414, 416, 435 N.W.2d 296, 297 (Ct. App. 1988). The reviewing court's role is essentially supervisory, with the goal of assuring that the parties are getting what they bargained for. *See City of Madison v. Madison Professional Police Officers Ass'n,* 144 Wis. 2d 576, 585-86, 425 N.W.2d 8, 11 (1988). What they bargained for is arbitration. The scope of our review of the arbitrator's decision is the same as the circuit court's and is conducted without deference to the circuit court's decision. *City of Madison v. Local 311, Int'l Ass'n of Firefighters,* 133 Wis. 2d 186, 190, 394 N.W.2d 766, 768 (Ct. App. 1986).

Section 788.10, Stats., governs vacation of arbitration awards. It provides:

> **(1)**  In either of the following cases the court in and for the county wherein the award was made must make an order vacating the award upon the application of any party to the arbitration:
>
> (a)  Where the award was procured by corruption, fraud or undue means;
>
> (b)  Where there was evident partiality or corruption on the part of the arbitrators, or either of them;
>
> (c)  Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;
>
> (d)  Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

*Id.*

In construing a statute, the primary source used is the language of the statute itself. *Milwaukee Police Ass'n v. City of Milwaukee,* 92 Wis. 2d 175, 180, 285 N.W.2d 133, 136 (1979). The language of sec. 788.10, Stats., is clear. It plainly limits to four categories the permissible grounds for seeking vacation of an arbitrator's award. Only upon a showing that one of the statutory grounds for vacation exists may an award be set aside. *Milwaukee Police Ass'n,* 92 Wis. 2d at 182, 285 N.W.2d at 136–37. Where none is present, the court has no jurisdiction to vacate the award. *Fillnow,* 148 Wis. 2d at 416, 435 N.W.2d at 297.

Mastermold contends that because its attorney did not receive from AAA the same correspondence that DePue's attorney did, Mastermold was effectively shut out of the arbitrator-selection process. Mastermold further contends that since Attorney O'Neill would have struck Kingstad as a potential arbitrator,[3] Kingstad was improperly selected and therefore acted in excess of his authority. Mastermold asserts that its "only legal option was to await the conclusion of the arbitration proceedings before bringing AAA's fundamental errors before the court." It maintains that by twice demanding reselection prior to the arbitration hearing, it fully preserved its rights under sec. 788.10, Stats. We disagree.

Mastermold waived its right to challenge the arbitrator's authority here because it failed to raise the

---

[3]The only specific reason advanced in support of Mastermold's contention that its attorney would have struck Kingstad as a potential arbitrator is that Attorney O'Neill was unfamiliar with him.

objection before the arbitrator.[4] Rule 52 of the AAA rules expressly provides:

> *The arbitrator* shall interpret and apply these rules insofar as they relate to the arbitrator's powers and duties . . .. All other rules shall be interpreted and applied by the AAA. [Emphasis added.]

Arbitrators cannot "interpret and apply" the rules relating to their powers and duties if no objection in that regard is raised before them.

In addition, the cases Mastermold claims support the proposition that it could not challenge the arbitration proceedings prior to their completion are inapt. *See Catz Am. Co. v. Pearl Grange Fruit Exch., Inc.,* 292 F. Supp. 549, 551 (S.D. N.Y. 1968); *Rogers v. Schering Corp.,* 165 F. Supp. 295, 302 (D. N.J. 1958), *aff'd,* 271 F.2d 266 (3d Cir. 1959); *In re Dover Steamship Co.,* 143 F. Supp. 738, 740-41 (S.D. N.Y. 1956). Those cases state that *judicial* challenges to the arbitrator's qualifications made during the pendency of the arbitration would tend to defeat the efficiency and informality objectives of arbitration. Mastermold's error was not its failure to raise its objection to the *court,* but to the *arbitrator.* In addition, two of those cases at least impliedly indicate that failure to first raise the objection to the arbitrator

---

[4]The record before us does not include a transcript of the arbitration hearing. Mastermold's claim thus rests upon the affidavits of its president and attorney. Neither document asserts that an objection to the arbitrator's authority was raised to the arbitrator at the hearing. Rather, they state that Mastermold complained to AAA—but AAA is the organization which provides various dispute resolution services; Kingstad, not AAA, was the arbitrator. Neither the statute nor the AAA rules provides in any manner for review of what AAA does.

results in waiver of the objection. *See Catz,* 292 F. Supp. at 552; *Rogers,* 165 F. Supp. at 302.

Finally, the path Mastermold chose was not its "only legal option." Mastermold could have adhered to its demand for a new arbitrator and refused to go to arbitration when that demand was denied. DePue's remedy then would have been to seek an order to compel arbitration under sec. 788.03, Stats.[5] Or, as we have already stated, Mastermold could have proceeded with arbitration and objected to Kingstad's jurisdiction there, thus preserving the issue by a timely raising of the objection in the proper forum.

■

We hold that a party cannot complain to the courts that the arbitrator acted outside the scope of his or her authority if the objection was not first raised before the arbitrator.[6] That procedure allows the arbitrator to rule on the objection, providing a decision from which to appeal. Here, there was nothing before the circuit court upon which it could rule. Accordingly, the court properly refused to vacate the award because it was without jurisdiction to do so. *See Fillnow,* 148 Wis. 2d at 416, 435 N.W.2d at 297.

*By the Court.*—Judgment affirmed.

---

[5]Section 788.03, Stats., provides in relevant part:

**Court order to arbitrate; procedure.** The party aggrieved by the alleged failure, neglect or refusal of another to perform under a written agreement for arbitration, may petition . . . for an order directing that such arbitration proceed as provided for in such agreement . . ..

[6]We recognize that there may be situations where a claim that the arbitrator exceeded his or her jurisdiction may not arise until the arbitrator's award is made.